UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERIE ENGINEERED PRODUCTS, INC.,

**MEMORANDUM AND ORDER**

Plaintiff,

CV 03-3776

-against-

(Wexler, J.)

WAYNE INTEGRATED TECHNOLOGIES, CORP.,

Defendant.
-------------------------------------------------------X

APPEARANCES:

    DILWORTH & BARRESE, LLP
    BY: ROCCO S. BARRESE, ESQ.
        JOHN F. GALLAGHER III, ESQ.
    Attorneys for Plaintiff
    333 Earle Ovington Boulevard
    Uniondale, New York 11553


    SCULLY, SCOTT, MURPHY & PRESSER
    BY: PAUL J. ESATTO, JR., ESQ.
        THOMAS SPINELLI, ESQ.
        ALLEN R. MORGENSTERN, ESQ.
    Attorneys for Defendants
    400 Garden City Plaza
    Garden City, New York 11530

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 05 2005 ★

LONG ISLAND OFFICE

WEXLER, District Judge

    This is a patent infringement action commenced by Plaintiff Erie Engineered Products, Inc. ("Erie" or "Plaintiff") against Wayne Integrated Technologies Corp. ("Wayne" or "Defendant"). This court has previously denied Wayne's motion for partial summary judgment

dismissing the complaint insofar as Erie seeks redress for sales of allegedly infringing products made to the United States government (the "Government"). That motion was made pursuant to 28 U.S.C. §1498(a), which requires that certain patent infringement lawsuits be pursued only against the Government in the United States Court of Federal Claims.

Presently before the court is Wayne's motion seeking summary judgment pursuant to 35 U.S.C. §287(a), limiting Erie's damages for failure to properly mark its products as required by statute.[1] For the reasons that follow, the motion is granted.

## BACKGROUND

I. The Allegations of the Complaint and Factual Allegations Relevant to the Motion

Erie manufactures containers used for the transport and storage of electrical equipment used in military applications. It is the owner of rights to United States patent number 4,844,280, granted on July 4, 1989 (the "280 Patent"). Briefly stated, the 280 Patent claims an apparatus and method for making a container with reinforced corner structures. Erie alleges that Wayne is involved in the manufacture and sale of products described in the claims of the 280 Patent. It is further alleged that Wayne had actual notice of and willingly infringed that patent.

Wayne denies the allegations of the complaint. Relevant to this motion are Wayne's assertions that Erie has not properly marked its goods as patented and has failed to point to any valid reason excusing the failure to mark. After discussing legal principles and the parties' evidence, the court will turn to the merits of the motion.

---

[1] The parties have also briefed motions addressed to patent invalidity and infringement. Those motions are not addressed in this memorandum and order.

## DISCUSSION

I. <u>35 U.S.C. § 287(a)</u>

A. <u>General Principles</u>

35 U.S.C. §287 ("Section 287" or the "marking statute") provides that a patentee give notice to the public of the patented nature of its product by fixing the word "patent" or the abbreviation "pat," together with the patent number, on patented goods or, if this is not possible, on the good's packaging. 35 U.S.C. §287(a). Failure to so mark an item as patented prohibits the recovery of damages arising from an infringement, "except on proof that the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. §287(a). In that event, damages are recoverable only for infringement occurring after the giving of notice. 35 U.S.C. §287(a); see generally <u>Eastman Kodak Co. v. Agfa-Gevaert N.V.</u>, 2004 WL 1529226 *3 (W.D.N.Y. 2004). Here, it is Erie, the party seeking to recover damages, that bears the burden of proving compliance with the marking statute. <u>Loral Fairchild Corp. v. Victor Co. Of japan, Ltd.</u>, 906 F. Supp. 813, 816 (E.D.N.Y. 1995).

B. <u>Wayne's Motion and Erie's Opposition</u>

Wayne's motion alleges that Erie has failed to properly mark its product and seeks to have the court limit any damages recoverable to the period following May 1, 2003, the date upon which it received a letter from Erie's counsel that put it on actual notice of any alleged infringement. According to Wayne, no reasonable jury could find that Erie has provided actual notice to Wayne and therefore, its motion must be granted. See <u>Gart v. Logitech, Inc.</u>, 254 F.3d 1334, 1339 (Fed. Cir. 2001). In support of its motion, Wayne points to Erie's response to Requests for Admission in which Erie admits that between August 1, 1997 and May 2003, it did

3

not, pursuant to 35 U.S.C. § 287(a), mark the products at issue. Wayne further relies on deposition testimony of Ronald W. Korczynski, Erie's corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In that testimony, taken on June 15, 2004, Korczynski states that Erie has been marking its product as patented for "approximately a year." Korczynski further testified that he knew of no prohibition "under a government job, under a government contract," of putting a patent number on a label (affixed to the product for many years) that bore the product's identification number.

In response to Wayne's motion and in an effort to create a question of fact as to the marking issue, Erie points to Wayne's responses to interrogatories in which it states that it first became aware of the patent at issue in 1992, when shown a copy of the patent by a former employee. Additionally, Erie alleges the existence of at least one governmental regulation prohibiting it from marking its patented products.

## II. Disposition of the Motion

Here, there is no question that the product at issue was not actually marked as patented until approximately June of 2003. There is also no question that Wayne was not specifically advised of the allegation of infringement until May of 2003. The court assumes, for the purpose of this motion, the truth of Erie's allegation that Wayne had knowledge of the existence of the 280 Patent as early as 1992. The first issue to be determined is whether such general knowledge of the patent's existence, standing alone, constitutes marking sufficient to trigger the running of damages in the event of infringement. Second, the court considers the impact of any governmental regulation on Erie's failure to mark.

4

A. Knowledge of the Patent

Where, as here, there is an absence of statutory marking, notice sufficient to trigger the damages provision of Section 287 is notice of the particular patent and a specific allegation of infringement. Such notice must come in the form of an "affirmative act on the part of the patentee which informs the defendant of his infringement." Amsted Indust. Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994). Notice of the patent's existence, standing alone, is not sufficient to trigger the running of the time in which damages may be calculated. Id.; Accord Uniboard Aktiebolag v. Acer America Corp., 118 F. Supp.2d 19, 24 (D.D.C. 2000). Instead, there must be notice of actual alleged infringement which requires "affirmative communication of a specific charge of infringement by a specific accused product or device." Amsted, 24 F.3d at 178.

In light of the foregoing, the court holds that Erie's reliance on Wayne's general knowledge of the 280 Patent's existence, even if true, is insufficient to constitute marking that will trigger the running of damages for infringement. As stated by the Federal Circuit in Amsted, "[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." Amsted, 24 F.3d at 187; see also Gart, 254 F.3d at 1347; Loral, 906 F. Supp. at 817. Accordingly, the court holds that Wayne's notice of the patent's existence, even as early as 1992, cannot satisfy Section 287 and is therefore insufficient to defeat the motion.

B. Alleged Government Regulation of Marking

The court turns next to Erie's attempt to create an issue of fact as to marking based upon

5

the allegation that government specifications prohibited the marking of Erie's containers. Erie argues that the law recognizes an exception to the marking requirement in cases where a manufacturer is prohibited from marking its items due to government specifications. In support of this legal position, Erie relies on Kilgore Mfg. Co. v. Triumph Explosives, Inc., 37 F. Supp. 766 (D. Maryland 1941), modified on other grounds, 128 F. 2d 444 (4th Cir. 1942). In addition to the fact that the decision in Kilgore is in no way binding precedent, the court notes that the case is not particularly on point. In Kilgore, facts relating to the marking issue were not developed and the court was merely referring the matter to a master for investigation. As stated in Kilgore, "the reason for the omission should be further explored," and "[u]ntil this is done there cannot be satisfactory final ruling on the point." Kilgore, 37 F. Supp. at 775. For the purpose of this motion, however, the court is willing to entertain the notion that in a case where an express government regulation prohibits marking in accord with patent law, the patentee may be excused from compliance with Section 287. The court turns then to consider the factual underpinning of Erie's argument.

In factual support of its argument, Erie notes that regulations govern the marking of its products for government use and states, in its memorandum of law, that at least one of these regulations "might limit" Erie from "unilaterally adding markings or other features" to the containers at issue. Specifically, Erie refers to two military specifications governing its product – Military Specification C-4150J ("MIL-C-4150J") and Military Standard 130L ("MIL-STD 130L"). MIL-C-4150J is the specification for the particular product at issue. MIL-STD 130L is a general standard promulgated by the Department of Defense governing accepted practices for identification and marking of military goods.

6

MIL-C-4150J sets forth the government's specifications for transit and storage cases such as those manufactured by Erie. Erie points to no particular provision in this specification that refers to patent marking, noting only that the specification states that marking is governed by MIL-STD 130L. MIL-STD 130L is a detailed standard addressing both human readable and machine readable information. It specifies, among other things, marking methods, depth of marking and recommended uses for marking methods including metal stamps, engraving, laser marking and embossing. It includes placement standards for a variety of information including the name of the product, serial numbers, special characteristics, part identifying numbers and bar coding. The standard is a thirty page document including no less that ten pages of charts and examples of suggested labels.

Erie argues that its identification of the military specifications referred to above creates an issue of fact sufficient to defeat the marking motion. Even assuming that the law excuses failure to mark in cases where the government prohibits marking, the court holds that Erie's mere reference to the military regulations discussed above does not create an issue of fact sufficient to defeat summary judgment. This is because, despite Erie's general reference to the standards, it fails to point to any particular provision prohibiting the marking of goods in accord with Section 287(a).

As noted, Erie bears the burden of proving compliance with the marking statute. Loral, 906 F. Supp. at 816. Accordingly, the raising of the marking issue by way of a motion for summary judgment made it incumbent upon Erie to point to particular facts sufficient to defeat the motion. See Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986); Fed. R. Civ. P. 56(e) (requiring that non-moving party set forth "specific facts" showing genuine issue for trial).

Erie's general reference to military requirements fails to point to any specific evidence upon which a jury could rely in finding that marking of the products at issue was prohibited by government regulation and therefore, excused. Because Erie's opposition to the motion is deficient, the motion for summary judgment as to the marking issue must be granted.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment limiting the damages recoverable, if any, to the time period on or after May 1, 2003 is granted. The Clerk of the Court is directed to terminate the motion. The parties are directed to appear for a conference before the undersigned on December 14, 2005 at 11:00 A.M.


SO ORDERED

                                                             _____
                                                             LEONARD D. WEXLER
                                                             UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
            December 5, 2005